**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA BOLVITO CANAHUI, | No. 13-72762 |
| Petitioner, | |
| v. | Agency No. A201-278-045 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Petitioner is a Guatemalan national seeking withholding of removal and

protection under the Convention Against Torture (CAT) based on years of rape and

domestic violence perpetrated by her ex-husband, Efrain, which she fears would

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continue if she returned to Guatemala. We grant her petition and remand for further proceedings.

The BIA erred in concluding that Petitioner did not establish that the Guatemalan government was "unable or unwilling to control" Efrain's perpetration of domestic violence.[1] The BIA reasoned that because Petitioner reported the abuse to police, and the police "responded multiple times," the government was "not ineffective." But even if the two occasions on which the police issued Efrain summonses could be considered "responding" to Petitioner's reports, these responses at best suggest that the "police were *willing* to protect [Petitioner,]" not that they were "*able* to do so." *Afriyie*, 613 F.3d at 931; *see also Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (the BIA must examine the "efficacy of [the government's] efforts"). The police did not arrest Efrain—or otherwise

---

[1] Withholding of removal on the basis of past persecution requires that the applicant demonstrate "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (quoting *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000)). Neither the IJ nor the BIA explicitly addressed the first element, but because they concluded that the second element was satisfied, we interpret their decisions as having considered the first element to also be satisfied. *See also Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1072 (9th Cir. 2004) ("Rape or sexual assault may constitute . . . persecution.").

detain him or even bring him to the police station for questioning—despite his being present when the police arrived immediately post-beating and despite his protestations that the police could not intervene because Petitioner was "his property." *See Navas*, 217 F.3d at 656 n.10 (even "arrests by police, without more, may not be sufficient to rebut claims that the government is unable or unwilling to stop persecutors, especially where the punishment may amount to no more than a slap on the wrist." (citations omitted)). Issuing summonses that Efrain easily flouted amounts to nothing more than a "slap on the wrist," if that. *Id.*[2]

Additionally, in another instance, the police simply refused to "respond" at all, telling Petitioner's mother that they had insufficient personnel to come to Petitioner's aid. Refusing to provide aid because of a "lack of financial and physical resources" shows that the police were unable to control the persecution. *See Afriyie*, 613 F.3d at 931.

The country report describing Guatemala's efforts to combat domestic violence does not change the outcome. That same report states that "the

---

[2] The IJ erred in stating that Efrain had been arrested for raping Petitioner. He had instead been arrested for raping his mistress.

government did not enforce the law effectively," that the "[p]olice had minimal training or capacity to investigate sexual crimes or assist victims of such crimes," and that "[v]iolence against women, including domestic violence, remained a serious problem."   The country report is thus consistent with Petitioner's claims of unwillingness or inability to control domestic violence.   *See Afriyie*, 613 F.3d at 933-34 (where a petitioner "has presented credible and direct evidence to the contrary in support of [her] claim . . . . The BIA was not permitted to disregard that information on the basis of general country reports.").

Because Petitioner demonstrated past persecution, the BIA erred in placing the burden on Petitioner to then "show why she could not reasonably relocate to another part of Guatemala."   *See Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005).   The burden should instead have been on the government to show that relocation would be safe and reasonable.   *Afriyie*, 613 F.3d at 936 (citing 8 C.F.R. § 1208.16(b)(1)(i)(B)).

The BIA and IJ additionally erred by failing to consider the reasonableness

of any such relocation.[3]   "'[I]n making [the reasonableness] determination,' the IJ and BIA were bound to 'take into account the numerous factors for determining reasonableness outlined in [8 C.F.R. § 1208.16(b)(3)].'"   *Afriyie*, 613 F.3d at 935 (first and second alterations in original) (quoting *Knezevic v. Ashcroft*, 367 F.3d 1206, 1215 (9th Cir. 2004)); *see also id.* at 936 (the same reasonableness factors in the asylum context under 8 C.F.R. § 1208.13(b)(3) apply to the withholding context under 8 C.F.R. § 1208.16(b)(3)).   The IJ did not consider any of those factors, concluding only that Efrain "lack[ed the] apparent ability" to locate Petitioner upon her return.   This was despite the fact that Efrain had previously found—and abused—Petitioner in Guatemala City after she attempted to find safety there.   Where "[n]either the IJ nor the BIA discussed any of [the] factors before concluding that relocation was reasonable . . . nor . . . cite[d] to the regulatory subsection in which these factors are set forth," we must "remand for clarification."   *Afriyie*, 613 F.3d at 935 (applying same relocation analysis to asylum and withholding claims).

---

[3] On the relocation issue, the BIA simply adopted the IJ's decision.   We thus treat that portion of the IJ's decision as the BIA's.   *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).

Because the IJ and BIA summarily disposed of the CAT claim, and may have done so based on the erroneous reasoning of the withholding of removal analysis, we remand for reconsideration of the CAT claim as well. *See id.* at 937.

Petitioner's request for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, is denied without prejudice because Petitioner failed to abide by circuit rules regarding applications for attorney's fees. *See* 9th Cir. R. 39-1.6.

**PETITION FOR REVIEW GRANTED; REMANDED.**